# United States Bankruptcy Court
## For the District of Maryland

| | | |
|---|---|---|
| In re: Kevin A. Carr | ) | Case No.: 02-63015 |
| | ) | Chapter 13 |
| | ) | |
| Pasadena Receivables, Inc. , Plaintiff | ) | Adversarial No.: 07-00624 |
| v. | ) | |
| Kevin A. Carr, Defendant | ) | |
| | ) | |
| Gerard R. Vetter, Trustee | ) | |
| | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

I.    FACTS

Kevin A. Carr ("Defendant/Carr") had a revolving credit account with Citibank under account number 5256 0650 6107 0598 which he defaulted upon leaving an outstanding balance of $4,280.64.  The credit card was governed by a cardmembers agreement that provided in the event of default, Defendant became liable for the full balance upon demand, reasonable attorney's fees and collection costs.  Defendant did not satisfy his indebtedness to Citibank, Citibank sold the account, and it was subsequently purchased by Pasadena Receivables, Inc.

Pasadena Receivables, Inc. ("Pasadena/Plaintiff") sent Defendant a letter dated April 20, 2001, and another one dated May 21, 2001, in which Defendant was advised that his Citibank credit card, account number 5254 0650 6107 0595 had been sold to Pasadena and his indebtedness was now owed to them.  Pasadena eventually sued Carr in the District Court of Maryland for Baltimore City, case number 27814-2001, alleging that it was the subsequent assignee of Carr's Citibank/Mellon Bank credit account.  Pasadena sued Defendant under its own

name and address, Pasadena Receivables, Inc., 8028 Ritchie Highway, Suite 300, Pasadena, MD 21122. (<u>See</u> Exhibit 1). Defendant was personally served with the complaint, Exhibit 1, and Summons (<u>See</u> Exhibit 2) and advised to be prepared for trial on October 10, 2001.

During the pending suit, both Pasadena and Carr made phone calls to each other in an attempt to resolve the debt owed to Pasadena. However, judgment was entered in Pasadena's favor on October 10, 2001 in the amounts previously stated plus pre-judgment interest and court costs. (<u>See</u> Exhibit 3).

On December 21, 2001, Carr telephoned Pasadena's counsel to advise that he was unemployed and could not pay this debt.

On August 22, 2002, Carr filed a chapter 13 bankruptcy under case number 02-63015 and did not list Pasadena Receivables, Inc. on his schedules or creditor's matrix. Instead of listing Pasadena, the judgment creditor to whom the debt was owed, Carr listed Citibank on his bankruptcy schedules. Neither Carr, bankruptcy counsel, nor the predecessor in interest, Citibank, notified Pasadena that Carr filed for protection in bankruptcy in time sufficient for Pasadena to file a proof of claim. Proofs of Claim were due on December 19, 2002. Pasadena discovered Debtor's bankruptcy in April 2005 after a phone conversation with Carr.

## II.   <u>LAW</u>

<u>Fed. R. Civ. P.</u>, 56(c), which governs through incorporation by <u>Fed. R. Bank.</u> <u>P.</u>, 7056, allows a party to move for summary judgment on the ground that no

genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law.

Creditor may file a complaint to determine dischargeability of any debt for Debtor's failure to list a known Creditor in time sufficient for Creditor to participate in the distribution of the estate at any time.  Fed. R. Bank. P. 4007.

In an assets case, a discharge in bankruptcy does not discharge the debt owed by Debtor to any unlisted and known Creditor without knowledge of the bankruptcy in time sufficient to participate in the distribution of the estate.  11 U.S.C. §523(a)(3)(B).  Unlisted debts not provided for in a chapter 13 plan are exempt from discharge. 11 U.S.C. § 1328(a) (2002).

## III.    ARGUMENT

a. *Pasadena Receivables is entitled to summary judgment as there are no material facts in dispute*

Defendant failed to respond to Plaintiff's requests for admissions.  Therefore, Defendant admits the following facts:  1.) Defendant received letters from Plaintiff advising him that Pasadena had acquired ownership of his account with Citibank; 2.) Defendant made phone calls to Plaintiff and Plaintiff's counsel prior to his filing for protection in bankruptcy; 3.) Defendant was personally served with the civil complaint filed by Plaintiff against him for his liability to Plaintiff; 4.) Judgment entered in the District Court of Maryland against Defendant establishing his legal liability to Pasadena; 5.) After judgment was entered, Defendant contacted Plaintiff concerning his indebtedness to Plaintiff and to express his inability to pay the debt; 6.) that Defendant filed for protection in bankruptcy but did not include Plaintiff in

his schedules or on the Creditor's Matrix; 7.) at no time prior to December 19, 2002, did Defendant advise Plaintiff that he had filed for protection in bankruptcy. (See Exhibit 4).

By Defendant's answer, he admits to excluding Pasadena from his bankruptcy; he instead listed Citibank – the original creditor to whom he no longer owed a debt. Defendant provided a copy of the Certificate of Service from his Discharge document in which Citibank was listed but Pasadena was not.

Defendant does not dispute any fact that Plaintiff has alleged, and Plaintiff does not dispute any fact that Defendant had pleaded. Therefore, there are no genuine issues of material fact in dispute and the case is ripe for summary judgment.

      b. *On the undisputed facts, Pasadena Receivables, Inc. is entitled to judgment as a matter of law*

The facts established demonstrate that Defendant knew that Pasadena maintained a claim against him and that he failed to include Pasadena in his bankruptcy petition. A discharge in bankruptcy under chapter 13 of the code only discharges Debtor's liability for debts provided for in the plan. 11 U.S.C. §1328(a). Pasadena neither filed a proof of claim, nor was one filed on its behalf, and it received no distribution from Debtor's estate. Furthermore, Pasadena's lack of participation in the bankruptcy was by the design of Defendant who, despite knowing that he was indebted to Pasadena, failed to provide the Court with a list of creditors that included this known creditor. A failure in that duty by Debtor is

cause for the exclusion of the debt owed to a particular creditor from the discharge in bankruptcy.  11 U.S.C. §523(a)(3)(A).

>   c. *Lack of notice of a bankruptcy deprives Creditor of participation in the bankruptcy which excludes that debt from the discharge*

While the presumption in bankruptcy is to discharge Debtor from his obligation to satisfy his debts, a Creditor's rights in bankruptcy, though few and limited, are of paramount importance.  *In re: Zablocki*, 36 B.R. 779, 783 (Dist. Conn., 1984).  The only due process rights of a Creditor in bankruptcy are 1.) participation in the distribution of the estate and 2.) the right to seek determinations as to the dischargeability of debts.  *In re: Nilson*, 218 Ore. 506, 512 (1959).  Each of these rights rest on Creditor's entitlement to notice of the bankruptcy.

Under Section 7 of the *1898 Bankruptcy Act*, Debtors were required to list all known Creditors by proper name *and* residential address.  A failure to list the proper residential address, or a statement of lack of knowledge about the address, was equivalent to denying a Creditor Notice.  *Birkett v. Columbia Bank*, 195 U.S. 345 (1904); *Marlene v. Warkentin*, 71 Cal. App. 2d 177 (1945); *Van Denburh v. Goodfellow*, 19 Cal. 2d 217 (1941); *Brown v. Tropp*, 106 Cal.App. 605 (1930); *Parker v. Murphy*, 215 Mass. 72 (1913); *In re D'Alessio*, 24 F.Supp 563 (1938); *McGhee v. Brookins*, 140 S.W.2d 963 (1940). Pursuant to Section 17, failure to notify a Creditor at his residential address, or state that this address was unknown, was to except

that particular debt from discharge.[1]  Under the old Code, the obligations of Debtor were construed very strictly and any failure resulted in a non-discharge of the debt. Then, in 1964, an equitable construction of the Notice/Dischargeability requirements arose and certain factors would be considered before denying discharge to a debtor.  The Courts began to consider the 1.) Debtor's reason for not listing Creditor, 2.) whether reopening the case to permit Creditor to file a proof of claim would disrupt the Court, and 3.) whether any Creditor, including the unlisted Creditor, would be prejudiced by reopening the case.  *Robinson v. Mann*, 339 F.2d 547, 550 (5th Cir. 1964).  Despite *Robinson*, the *1898 Bankruptcy Act* stood until 1978, when the *Bankruptcy Reform Act* was passed.  Since the Bankruptcy Reform Act, we have been instructed to understand that §523(a)(3) was intended to overrule the construction of strict liability of joining Sections 7 and 17 of the 1898 Act as interpreted in *Birkett* so as to deny discharge of the debt owed to every unlisted or improperly listed Creditor.[2]  The Fifth Circuit, which issued the *Robinson* decision, expressed a sense of vindication of their equitable determinations by reviewing the legislative history of §523(a)(3) in *Stone v. Caplan*.  Therein, the Court noted that "Both House and Senate reports explicated that under section 523(a)(3), 'debt is excepted from discharge if it was not scheduled in time to permit timely action by

[1] Among a Debtor's duties he is required to "prepare, make oath to, and file in the court within ten days … a schedule of his property, showing this amount and kind of property, the location thereof, its money value in detail, and a list of creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any, and a claim for such exemptions as he may be entitled to." Bankruptcy Law 1898, §7, as cited by Birkett at 349.
[2] See Collier Pamphlet Edition: Bankruptcy Code: Bankruptcy Reform Act of 1978, As Amended and Related Statutory Provisions, Showing Changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Part 1, at 582 (2006).

Creditor to *protect his right*s." *Stone v. Caplan*, 10 F.3d 285, 290 (5th Cir., Texas, 1994), citing S.Rep. No. 989, 95th Cong., 2d Sess. (1978) and H.R. Rep. No. 595, 95th Cong., 2d Sess. (1977). *Emphasis* in *Stone*.

But what did 11 U.S.C. §523(a)(3) overrule?   Certainly not Creditor's entitlement to notice; this is still clearly embedded in the Code. 11 U.S.C. § 521(a)(1)(A).   The 1978 code removed from the Debtor the obligation to list the *residential* addresses of Creditors if known, or "if unknown, that fact stated."[3]  Also an equitable construction, based upon the *Robinson* interpretation of the 1898 Act, was injected into the Code by virtue of having the legislative history available to review.  But Debtor is still duty bound to properly file a list of known Creditors or face exception to discharge of that particular debt.  11 U.S.C. §523(a)(3).  Debtor is also still required to properly list the addresses of his Creditors, if known.  *In re: Gelman*, 5 B.R. 230 (S.D. Fla. 1980).  Even in *Stone,* the Court acknowledged that notification to Creditors in time sufficient to "protect his rights" is "most critical," and faultiness of notice is a "prejudice to Creditors."  *Stone*, 290-291.  In assets cases, Creditors are undeniably prejudiced if they did not receive notice in time sufficient to participate in the distribution of the estate.  Having that right denied is "sufficient grounds under the Code to penalize Debtor."  *Stone*, 291.[4]

---

[3] Bankruptcy Act 1898, §7.

[4] Citing *Soult*, 894 F.2d at 817; *Rosinski* 759 F.2d at 542; *In re Haga*, 131 Bankr. 320, 326 (stating that "Congress apparently only considered [the omitted creditor's rights to share in any distribution and obtain a determination of dischargeability] as being material because only the inability to timely file a proof of claim and a dischargeability action are sufficient grounds under the Code to penalize Debtor." (citing *In re Anderson*, 72 Bankr. 783, 786 (Bankr.D.Minn.1987))).

A Debtor's duty is to list all known Creditors.  11 U.S.C. §523(a)(3).  If a Creditor suffers from a lack of knowledge of a bankruptcy due to Debtor's knowing omission of Creditor, equity to Creditor *mandates* denial of discharge as to that Creditor.  *Zablocki* at 783.  Without notice, a Creditor is a "stranger to the proceedings," and there is no justice in holding Creditor bound by the determinations of a proceeding of which he had not knowledge and in which he had no ability to participate. *Smith v. Hill*, 232 Mass. 188, 193 (1919).

Known Creditors are absolutely entitled to notice in time sufficient to file a proof of claim for debts that are not obtained by false pretenses, fraud, or intentional torts of Debtor, or if the debt is of such a kind, to file a proof of claim or a request for determination of dischargeability of such debt.  11 U.S.C. §523(a)(3).  Upon these two rights rests the entirety of a Creditors rights to due process in a bankruptcy. *Zablocki* at 783.

Properly speaking, a discharge does not act to satisfy debts, rather Creditors are barred from collecting upon them.  11 U.S.C. §524(a).  In this proceeding, Defendant's discharge in bankruptcy is presently being invoked as the reason for which Plaintiff cannot enforce its judgment against Defendant.  Discharge is for the benefit of Debtor and does not work to satisfy Creditor. *Smith* at 194.  A discharge does not, through legal magic, satisfy debts or replenish the coffers from which Creditor gave Debtor money.  Rather, a discharge in bankruptcy serves as an injunction upon Creditors from collecting upon the unsatisfied debt.  The discharge works upon Creditors and not the debt itself, and it does *nothing* to relieve the debt

created by Debtor.  *In re: Keeler*, 257 B.R. 442, 445 (4th Cir. Maryland, 2001). Therefore, by obtaining a discharge, Debtor is barring certain Creditors from collecting upon debts due and owing to them, and, Debtor is obligated to inform each of his known Creditors that he is about to legally and irrevocably extinguish Creditor's right to get paid.

According to the Code, *debt* is a liability on a claim, a *claim* is right to payment, a *Creditor* is an entity that has a claim against Debtor and a *Debtor* is a person or entity who files (or is filed against) under the Code.  11 U.S.C. §101(12), (5), (10) and (13) respectively.  For the purposes of the Code, Debtor is a title, not a description.[5]  However, the terms *debt, claim* and *Creditor* are all descriptions.

Harmonizing the definitions section of the Code, a Creditor is a person with a right to receive payment from the one seeking protection under the Code.  A Debtor remains a Debtor until his debt is satisfied, but a Creditor is no longer a Creditor if he sells or assigns his claim against Debtor to another.  To be a Creditor under the Code, a Creditor must have a claim against Debtor, and an Assignor-Creditor has assigned away his claim.  When Citibank sold Defendant's account, it ceased being a creditor of Defendant's and became an irrelevant and disinterested entity.  Once Defendant's debt was sold, the Assignor had no right to collect on that debt – the Assignor no longer has a valid claim[6] and is therefore no longer a Creditor under the Code.  Therefore, as to that Assignor, Defendant no longer owed a debt – he had

---

[5] In 1978, the title *debtor* replaced the former title for consumer filers, *bankrupt*, "as a means of reducing the stigma connected with the term bankrupt."  *Collier (Pamphlet Edition), ad loc.*

[6] §101(5).  Assignor would not legally qualify as a Creditor, and therefore is barred from filing a Claim or objecting to Discharge.

no liability to Citibank because Citibank has no *right* to payment.  Rather, Debtor owes a debt to the Assignee, Pasadena.  Thus, failure to list the known Assignee of the debt must result in that debt being excepted from discharge.  *In re: Skrentny*, 199 F.2d 488 (7th Cir. 1952).  Listing the Assignor is improper and does not constitute notice to the proper entity, the Assignee.  *Skrentny* at 491.  Furthermore, the fact that Defendant listed Citibank in his bankruptcy showed that he remembered and intended to include it in his discharge while at the same time he deprived the entity to which the debt was actually owed notice of his bankruptcy and any right to participate in the distribution of the estate.

Pasadena was indisputably a known Assignee-Creditor to Defendant as, all prior to Defendant's bankruptcy filing: it made repeated contacts on Defendant; Defendant made repeated contacts upon Pasadena; Defendant was personally served in the civil action in Maryland; and Defendant received notice of the judgment entered against him.  These facts, coupled with the fact that Defendant knowingly deprived Pasadena of notice of the bankruptcy and deprived Pasadena any participation in the distribution of the estate, mandate the exclusion of this Creditor from the effects of the discharge.

Wherefore, Pasadena Receivables, Inc., respectfully requests that the debt owed to it in the amounts awarded by the District Court of Maryland for Baltimore City under case number 0101-0027814-2001 be excluded from the effects of the discharge entered in this case.

Respectfully Submitted,

By:_____/s/_____
Scott T. Whiteman, Esq.
Peroutka & Peroutka, PA
8028 Ritchie Highway,
Suite 300
Pasadena, MD 21122
(410) 768-2280
Bar No. 27769

01-07957